**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICKY DAVID SMITH | : | |
| | : | |
| Appellant | : | No. 2359 EDA 2018 |

Appeal from the Judgment of Sentence Entered June 28, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002353-2016

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **Filed: February 7, 2020**

Ricky David Smith (Appellant) appeals from the judgment of sentence imposed after the trial court found him guilty of theft, receiving stolen property, and unauthorized use of an automobile.[1]  Upon review, we affirm.

On January 2, 2018, Appellant appeared before the trial court and waived his right to a jury trial.  That same day, the trial court convicted him of the above crimes.  The court deferred sentencing until June 28, 2018, when it sentenced Appellant to 11½ to 23 months of incarceration.  On July 9, 2018, Appellant filed a post-sentence motion alleging that his sentence was excessive.  The trial court denied the motion on July 11, 2018, and Appellant

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3921, 3925, and 3928.

filed this timely appeal. The trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

In his sole issue, Appellant claims that his waiver of his right to a jury trial was not knowing or voluntary, "in violation of Pa.Crim.P. 620 because he denied any mental health history or commitments despite an established record of such commitments, expressed confusion regarding the proceedings, and only assented after responding to leading questions". Appellant's Brief at 3. Appellant argues, "after much cajoling, and denying an obvious and recorded mental health history . . . [he] continued to express confusion," such that his "waiver was coerced." *Id.* at 10-11.

In response, the Commonwealth argues that Appellant voluntarily waived his right to a jury trial because he agreed that he understood the elements of a jury trial and wished to forego them. Commonwealth Brief at 4. The Commonwealth emphasizes that Appellant reviewed the written waiver from with his attorney, read it during the colloquy, and agreed that he signed it voluntarily. Thus, any misunderstanding Appellant "may have allegedly had about his prior involuntary commitment did not extend to his understanding of the implications of his waiver." *Id.* We agree.

The relevant Rule reads:

> In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record. The waiver shall be in writing, made a part of the record, and signed by the defendant,

- 2 -

the attorney for the Commonwealth, the judge, and the defendant's attorney as a witness.

Pa.R.Crim.P. 620.

Our Supreme Court has stated:

[C]riminal defendants have a constitutionally guaranteed right to a trial by jury. U.S. Const. amend. VI. In all cases, a defendant may waive a jury trial with approval by a judge of the court in which the case is pending. Pa.R.Crim.P. 620. To be valid, it is well settled that a jury waiver must be knowing and voluntary, and the accused must be aware of the essential ingredients inherent to a jury trial.

*Commonwealth v. Houck*, 948 A.2d 780, 787 (Pa. 2008) (citations omitted).

More recently, this Court stated:

The essential elements of a jury waiver, though important and necessary to an appreciation of the right, are nevertheless simple to state and easy to understand. "The...essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." Notwithstanding the Rule's reference to a "colloquy on the record," the use of a written jury trial waiver form has been deemed sufficient in the absence of an oral jury trial waiver colloquy.

A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional "right." Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or by implication, as in the case of a criminal trial conducted in absentia after the defendant fails to appear.

*Commonwealth v. Smith*, 81 A.3d 1168, 1175–76 (Pa. Super. 2018)

(citation omitted), *appeal denied*, 193 A.3d 344 (Pa. 2018).

Here, the record contains Appellant's written waiver, signed by Appellant, his attorney, the Commonwealth and the trial court. Waiver, 1/2/18. The waiver states:

AND NOW, this 2nd day of January, 2018, comes [Appellant] and pleads not guilty, and with the consent of his attorney, and the Commonwealth and the approval of the Court, waives a jury trial and elects to be tried by a judge without a jury, fully understanding that if he were tried by a jury:

(a) The jury would be chosen from members of the community thereby producing a jury of his peers;

(b) Any verdict rendered by a jury must be unanimous, that is, all twelve jurors must agree before they can return a verdict of guilty; and

(c) He would be permitted to participate in the selection of the jury.

*Id.*

In addition, our review of the notes of testimony, consistent with this Court's decision in *Commonwealth v. Williams*, 456 A.2d 1047 (Pa. Super. 1983), leads us to conclude that Appellant's waiver was valid. In *Williams*, we disagreed with the appellant's claim that "his limited educational background, and his prior placement in a mental health center for observation combined with certain incongruous answers and bizarre statements by appellant during the waiver colloquy demonstrate that his waiver was not knowing and intelligent." *Id.* at 1052. This Court recited the exchange that occurred before the trial court in *Williams*:

Q. Do you have any history of any mental instability, or anything like that? Have you ever been a patient in a mental health center or a mental hospital?

A. Yeah, just-I was just sent up for observation; that's all.

Q. But you've never been a patient? Have you ever been a patient of a psychiatrist or mental doctor, or anything like that?

A. (No response.)

[COUNSEL]: Were you in for observation, and then released?

THE DEFENDANT: Yeah.

[COUNSEL]: Your Honor, he was in for observation, and then released.

THE COURT: Then released?

[COUNSEL]: Yes, sir.

(By the Court:)
Q. So you were never a patient?

A. (No response.)

[COUNSEL]: You were never a permanent patient?
(The defendant did not respond.)

(By the Court:)
Q. You were never in a mental hospital or a mental health center?

A. No, sir.

Q. You were never a patient of a mental health doctor or a psychiatrist of a psychologist, as I understand it; is that correct?

A. Yes, sir.

Q. Now, are you quite certain that this is what you want to do, Mr. Williams?

A. Yes, sir.

Q. You realize that you're giving up very valuable rights by waiving your right to a jury trial; there's no question about that, you fully understand that?

A. Yes, sir.

Q. And are you certain you want to do that?

A. Yes, sir.

THE COURT: Do either counsel want to ask any questions?

[COUNSEL]: Your Honor, I believe the defendant has a question.

THE COURT: Yes.

THE DEFENDANT: I just wanted to say this: regardless of whoever makes the decision, the devil's decision is the devil's decision, the lord's is the lord's. That's what I want to say.

THE COURT: I couldn't quite understand you.

THE DEFENDANT: Whatever decision the lord makes is made, whatever decision the devil makes is made; so I got nothing further to say.

THE COURT: I don't know how that affects this. You've got to understand that the decision in the case, if you're tried by a jury, is made by the jury; if you're tried by a judge, the judge makes the decision, whether you're guilty or innocent; not the lord, or anybody else. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything that you don't understand, that was said here today by anybody?

THE DEFENDANT: I fully understand everything.

*Williams*, 456 A.2d at 1052–53.

On appeal, this Court found that the appellant's answers were "not inconsistent and do not demonstrate confusion." *Id.* at 1053. Significantly,

we stated, "if there was any confusion on appellant's part, that confusion did not relate to his understanding of his right to a jury trial, the essential elements of a jury trial, or his decision to waive a jury trial." *Id.* We explained:

> While in isolation these statements may appear bizarre, the record as a whole demonstrates that appellant's waiver was knowingly and intelligently made. Immediately after these statements, the Trial Court informed appellant that the decision in this case would be made either by a jury or a judge and appellant replied that he understood.

*Id.*

Consistent with the foregoing, our review of the record supports a finding that Appellant's waiver was knowing and intelligent. *See generally*, N.T., 1/2/18, at 1-17. To the extent there may have been "confusion" because Appellant did not answer questions about his mental health honestly, those answers "did not relate to his understanding of his right to a jury trial, the essential elements of a jury trial, or his decision to waive a jury trial." *Williams*, 456 A.2d at 1053. To the contrary, the record as a whole indicates that Appellant's waiver was valid. Appellant's attorney stated, "I believe he wants to do a waiver trial. We'll know for sure when Your Honor conducts the colloquy." *Id.* at 3. The testimony proceeded:

> THE COURT: . . . I understand you want a judge trial instead of a jury trial. Is that correct?
>
> APPELLANT: Yes, sir.

> THE COURT:     All right.  So I'm going to ask you some questions so we can make this official.  All right?
>
> APPELLANT:     Yes.

*Id.* at 4.

The trial court then asked Appellant whether he had been treated for mental illness, hospitalized for mental illness, hospitalized against his will, or was under the influence of prescription medication, drugs or alcohol; Appellant responded "No" to all of those questions.  *Id.* at 5-6.  The court then asked Appellant about his written waiver colloquy; Appellant testified that he read it, reviewed it with his attorney, and signed it.  *Id.* at 9.  The court verbally confirmed with Appellant that by waiving his right to a jury, he would give up his participation in the selection of a jury, chosen from "twelve citizens from the City of Philadelphia," and the requirement that a guilty verdict be unanimous.  *Id.* at 9-11.

We disagree with Appellant's contention that he "expressed confusion," and "only when asked leading questions did [Appellant's] answers demonstrate an apparent lucidity and full understanding."  Appellant's Brief at 12.  For example, toward the end of the waiver colloquy, Appellant responded to the trial court's question:

> Q.     I'm just saying to you, no one's forcing you to do this?
>
> A.     No, I'm not forced at all.

N.T., 1/2/18, at 14.

- 8 -

The trial court explained:

. . . . Appellant's "total conduct" in answering "yes" to the court's questions regarding his understanding of the waiver, satisfied the court that Appellant had made a knowing and intelligent waiver of his right to a jury trial. Not once did Appellant tell the court that he did not agree with the waiver once it was fully explained to him. Given Appellant's insistence that he understood the meaning of his waiver, the court exercised appropriate discretion in determining that Appellant's waiver was sufficient.

Further, the court appropriately followed Rule 620 of the Commonwealth's rules of criminal procedure by exercising its discretion in approving Appellant's waiver. Appellant was not subject to a bench trial against his will. Appellant made it very clear that he wanted the court to hear his case. NT. 01/02/18 at 11.

Trial Court Opinion, 4/17/19, at 7-8.

In sum, we agree that Appellant's waiver was knowing and voluntary. Throughout his colloquy, Appellant stated that he understood that he was waiving a jury trial and wanted a bench trial. **See**, **e.g.**, N.T., 1/2/18, at 4, 14, 17. In addition, the parties executed a written waiver, Appellant's counsel expressed Appellant's desire for a bench trial, and consistent with his counsel's representation, Appellant participated in a verbal colloquy where he was advised of the "essential ingredients" of a jury trial, *i.e.*, that the jury be comprised of twelve peers, that the verdict be unanimous, and that a defendant be allowed to participate in jury selection. **See Houck,** 948 A.2d at 787; **see also Smith**, 81 A.3d at 1175.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/20